## Clarke v. Clarke

*Walter Howard Dilks, Jr.,* for libellant.

*Frysinger Evans* and *Philip Stern,* for respondent.

Bok, P. J., April 6, 1940.—The guardian ad litem has filed his petition to be discharged. This must be done since he was appointed because of the court's fear that respondent may not have been mentally competent. At first respondent coöperated with the guardian appointed for her but later failed to do so and also failed as late as February 28, 1940, to file the bill of particulars which she had been ordered to do in April 1939. For this reason, the court committed respondent to the county prison for 30 days for contempt and directed that during that time she be examined mentally. This examination was completed and the court was notified by the authorities of the Pennsylvania Hospital for Mental and Nervous Diseases

that in their opinion respondent was not mentally incompetent.

This necessitates the guardian's discharge.

The guardian has vigorously protected respondent's interests and is entitled to the compensation asked for in paragraph 7 of his petition.

The point of difficulty in this case has been respondent's resort to many devices to delay it. Principal among these has been her habit of employing counsel and later discharging them and requesting continuances of meetings before the master on this ground. The court in informing respondent of the result of her mental examination made it clear to her that further delay of this nature will not be tolerated and that the proceedings must go forward under conditions where her legal rights will be protected.

William C. Ferguson, Jr., Esq., who has acted as guardian ad litem, has been in a position to observe respondent and is peculiarly familiar with her personality and disposition. There has been medical testimony that she is suffering from menopause and while that condition does not result in mental incompetence from the legal point of view, it is nevertheless a source of unpredictable conduct. Mr. Ferguson's position as guardian makes it desirable that his connection with the case continue, particularly in view of the court's assurance to respondent that her interests would be protected. Since the State has an interest in marriage and divorce, a party to a divorce action who acts in the peculiar way this respondent has done becomes in a sense the court's ward.

In appointing Mr. Ferguson as special counsel, the court does so with instructions to attend subsequent meetings before the master; to see to it that no improper evidence is introduced against respondent if she is unrepresented by counsel of her own selection; to present testimony on her behalf if she desires to present any; to yield to counsel of her selection but, nevertheless, to attend meetings at which she is so represented in order that no

meeting shall be adjourned or continued on the ground of changing counsel; to report to the court in case of difficulties, unforeseen by the foregoing instructions, in going forward.

The purpose of the court's order is to protect its process against further groundless obstruction and delay as well as to ensure adequate protection of respondent's rights under the peculiar circumstances of this case.

The master is instructed to proceed with the taking of testimony and to grant no further continuances on respondent's application except upon the certificate of a reputable physician stating specifically the nature of the illness and respondent's inability to attend the meeting because of it.

*Order*

And now, April 6, 1940,

1. William C. Ferguson, Jr., Esq., is hereby discharged as guardian ad litem for Mildred G. Brelsford Clarke;

2. Libellant is directed to pay to Mr. Ferguson the sum of $250 for his services as guardian and the sum of $40.50 for expenses;

3. William C. Ferguson, Jr., Esq., is hereby appointed special counsel in accordance with the foregoing memorandum.